IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROMA O. AMOR,** | : CIVIL NO. 1:CV-09-1340 |
| **Plaintiff** | : |
| v. | : **(Judge Rambo)** |
| **ERIC P. DODDS,** *et al.*, | : **(Magistrate Judge Smyser)** |
| **Defendants** | : |

# **M E M O R A N D U M**

On July 13, 2009, Plaintiff filed a *pro se* complaint alleging claims pursuant to 42 U.S.C. §§ 1983, 1985 and an ADA claim pursuant to 42 U.S.C. § 12101 *et seq*. The case was referred to the magistrate judge who reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(12). He determined, after a lengthy analysis, that the complaint needed to be amended to state a claim upon which relief could be granted. An amended complaint was filed on September 10, 2009 which contained the same causes of action as the original complaint and added claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968.

On September 25, 2009, the magistrate judge filed a report and recommendation in which he concluded that a majority of Plaintiff's claims are barred by the statute of limitations. He cited cases in which Plaintiff's claims are subject to a two-year limitation period. He further addressed Plaintiff's allegations that may have complied with the statute of limitations but found those allegations did not state a claim. The magistrate judge recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted and that the court decline to exercise supplemental jurisdiction over state law claims.

Plaintiff filed objections to the report and recommendation basically attacking the magistrate judge's application of the two-year statute of limitations. She claims the more appropriate limitations period should be pursuant to 28 U.S.C. § 1658(a) or 42 Pa. Cons. Stat. Ann. § 5525 or 42 Pa. Cons. Stat. Ann. § 5527. The magistrate judge has cited cases that support the application of the two-year statute of limitations on §§ 1983, 1985 and ADA claims. Plaintiff cites no cases that would permit the application of the Pennsylvania statute of limitations to the facts of this case.

On the failure to state a claim issue, Plaintiff refutes the requirements of *Ashvcroft v. Iqbal*, 129 S.Ct. 1937, 1939 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). She generally cites conclusions of law and recites the elements of a cause of action in her refutation of the magistrate judge's analysis.

The magistrate judge's report and recommendation will be adopted. An appropriate order will be issued.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: November 4, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROMA O. AMOR,** | : CIVIL NO. 1:CV-09-1340 |
| Plaintiff | : |
| | : |
| v. | : **(Judge Rambo)** |
| | : |
| **ERIC P. DODDS,** *et al.*, | : **(Magistrate Judge Smyser)** |
| Defendants | : |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Smyser.

2) The federal claims are dismissed for failure to state a claim upon which relief may be granted.

3) This court declines to exercise supplemental jurisdiction over state law claims.

4) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

5) The Clerk of Court shall close the file.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: November 4, 2009.